Judge WOLFE
concurring:
I join the majority opinion fully in all but one aspect. I would find that the unreasonable and unexplained delay in this case constituted a violation of the due process rights of appellant. Mthough adequately stated by the majority, the facts bear repeating.
It took 180 days after authentication to mail the case to appellant. An administrative task that should take at most a few hours instead took six months. It took 190 days after authentication to draft a two-page, routine legal memorandum.
These delays reflect a lack of leadership, not resources. It is' carelessness so stark the United States does not even try to defend it. Given the egregiousness of the delay, and the lack of any effort to explain it, I would find this convening authority and his staff violated appellant’s due process rights. United States v. Moreno, 63 M.J. 129, 135 (C.A.A.F. 2006).
More broadly, faced with numerous cases of excessive post-trial delay, I am concerned this court’s routine granting of sentence reductions may be causing more harm than good. Specifically, by granting sentencing relief in such cases we engender a moral hazard where such relief is assumed and expect *970 ed—thereby diminishing the impetus to get it right in the first instance. There is scant evidence that our routine reduction of justly-earned sentences serves to spur proper post-trial process or deter lethargic post-trial processing. The opposite may be the more likely—we may be greasing the wheels of apathy.
Additionally, this court often enforces deadlines, tests counsel’s effectiveness at trial, and, when warranted, holds individuals accountable for the performance of their duties in the military justice system. See United States v. Banks, 75 M.J. 746 (Army Ct. Crim. App. 2016) (holding defense eoun-sel to their statutory allowed time for post-trial). I see little reason not to do so here.[4] See Army Reg. 27-26, Legal Services: Rule for Professional Conduct for Lawyers, Appx. B, R.1.1 (Competence), R.1.3 (Diligence) (1 May 1992) (“A lawyer shall act with reasonable diligence and promptness in representing a client and in every case.”).

. As usual, the header of our opinion reflects the name of the SJA who issued the pretrial advice and the SJA who signed the recommendation. However, in cases such as this one where several SJAs came and went between referral and action, it omits the names of the SJAs who presided over substantial periods of the delay.